## KNETZER *v.* BRADSTREET.

In a bill to foreclose a mortgage a statement of the substance of such instrument is all that is required ; and if a question is raised in relation to the mortgage a certified copy is admissible in evidence where the original is not within the control of the party wishing to use the same.

Where a respondent was required by rule to plead answer or demur within thirty days, and within that time submitted a demurrer to the decision of the court, and having rested his case upon such decision without filing an affidavit of merits, the decree rendered before the expiration of said thirty days will not be disturbed.

APPEAL *from Des Moines District Court.*

*Opinion by* GREENE, J. Proceedings under the statute to foreclose a mortgage. The bill was filed in March, 1849. At the fall term following the plaintiff had leave to amend, and subsequently filed an amended bill in which it was set forth that a decree of foreclosure had been rendered upon the mortgage for the non-payment of the note which first became due, and that said Mary A. Knetzer had taken the cause to the supreme court where the papers including the original deed of mortgage were then pending and could not be procured; and he therefore submitted a certified copy of the mortgage from the recorder's office. The defendant was then ruled to plead answer or demur within thirty days, and before the expiration of that time, she filed a special demurrer that the reason assigned for not procuring the original deed was not sufficient and submitted the same to the court. Whereupon the demurrer was overruled, and it was decided that the alleged copy of the original mortgage on file as an exhibit, and as referred to in the bill, was sufficient oyer without producing the original mortgage. The court thereupon rendered a judgment for the debt and a decree of foreclosure, *pro confesso.* To these proceedings there are two objections urged.

1. It is contended that a foreclosure could not be properly

awarded without the original mortgage. But we have dis-
covered no such imperative rule in chancery practice, or in
our statute concerning mortgages. The substance of such
an instrument is all that is usually required in a bill of com-
plaint, and our statute in this particular provides for
nothing more. It only requires all mortgagees to file a
petition setting forth the substance of the mortgage deed.
Rev. Stat. 443, § 4. This statute is more than complied
with by the present bill. It not only gives the substance,
but it purports to furnish a certified copy of the mortgage,
and we think it sufficiently explains the inability of the
complainant to produce the original, even if it had been
required by the practice of the court. The statute declares
that when it becomes necessary to use any such instrument
and it is not within the power of the party wishing to use
the same, the record thereof, or a transcript of such record,
may be read in evidence. Rev.Stat. 209, § 35. In this case
the party showed to the satisfaction of the court that the
mortgage was not within his power, and therefore if any
question had arisen in the case, in reference to the mortgage,
a certified copy would have been admissible. We think
then, that the court very properly admitted the copy, and
correctly rendered the judgment and decree of foreclosure.

2. The only other objection urged is, that judgment was
obtained before the expiration of the thirty days rule to
plead, answer, or demur. As the defendant chose to file
her demurrer and submit it to the decision of the court
sooner than she was required, she cannot now take advantage
of the proceeding. It was the result of her own action. She
appears to have rested her case upon the demurrer, and
intimates no desire or intention to file any plea or answer.
Besides, the statute expressly declares that if a demurrer be
overruled the defendant shall be allowed to answer over
upon filing an affidavit of merits. Stat. of 1844, p. 50, § 3.
Had the defendant in this case desired to answer over, it
became incumbent on her to file an affidavit. As she

neglected to do that, it can only be inferred that she had no meritorious defense and chose to abide the decision upon the demurrer.

Judgment and decree affirmed.

*D. Rorer*, for appellant.

*H. W. Starr*, for appellee.